**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ZACHARY EUGENE WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDES GROUP - NEW DAY BABY ) <br> POWDER, et al., ) <br> ) <br> Defendants. ) | No. CV 17-01639-CAS (PLA) <br><br> **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner presently held at California City Correctional Facility in California City, California, filed a *pro se* civil rights action herein pursuant to 42 U.S.C. § 1983 on March 1, 2017, accompanied by a request to proceed *in forma pauperis* ("Request"). On March 8, 2017, the Court recommended that the Request be denied for inadequate documentation and also because plaintiff's Complaint did not appear to be raising any federal civil rights claim. (ECF No. 4). Plaintiff subsequently was granted leave to proceed *in forma pauperis.* (ECF No. 10). On May 15, 2017, plaintiff filed a First Amended Complaint ("FAC"), the operative pleading herein. (ECF No. 11). In the FAC, plaintiff names as defendants private companies headquartered in Dallas, Texas, and in St. Louis, Missouri. (Id. at 3). He also names "medical" at the Los Angeles Central Jail ("Jail") (id.), and the USC Medical Center (id. at 4). No individuals appear to be named as defendants.

Plaintiff purports to be raising a claim for "Product liability - Consumer Protection Act" for the sale of a "talc product" that he alleges caused an allergic reaction in March and April 2016. Plaintiff alleges that "defendants" knew of the problem but concealed or misrepresented it. (Id. at 3, 5). He also purports to be raising a claim for "Cruel and Unusual Punishment - medical care." (Id. at 6-7). Plaintiff seeks monetary damages. (Id. at 8).

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the FAC prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e.

The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. … Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) ("To survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" (citing Twombly, 550 U.S. at 570)). Since plaintiff is

appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Finally, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

After careful review of the FAC under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state a claim against any named defendant. Further, it does not appear to the Court that subject matter jurisdiction exists for any of the claims that plaintiff appears to be raising. Accordingly, the FAC is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

**If plaintiff desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than July 24, 2017, remedying the deficiencies discussed below. Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend but without prejudice for lack of subject matter jurisdiction.[1]**

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the First Amended Complaint are insufficient to state a particular claim should not be seen as *dispositive* of that claim. Accordingly, while this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

**DISCUSSION**

**A. PLAINTIFF'S FAC FAILS TO STATE A SHORT AND PLAIN STATEMENT IN COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 8.**

Plaintiff's FAC fails to comply with Federal Rule of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Rule 8(d)(1) provides: "Each allegation **must be simple, concise, and direct**. No technical form is required." (Emphasis added). Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry, 84 F.3d at 1179; Nevijel, 651 F.2d at 673.

First, it is not clear to the Court what the legal basis is for any of plaintiff's claims, or the number of claims that plaintiff is purporting to raise against each defendant. The body of the FAC includes three pages each with a "Claim I," that appear to raise three claims, and he appears to raise only the first claim against defendants Andes Group - New Day Baby Powder ("Andes

Group") and Keefe Commissary Network Sales ("Keefe"). (See ECF No. 11 at 5). However, on the page of the FAC listing defendants, plaintiff appears to list three separate claims against Andes Group: for "product liability," "violation of health care," and "violation of notice and disclosure law." (ECF No. 11 at 3). In his "Claim I," plaintiff alleges a claim for "product liability - Consumer Protection Act" against Andes Group and Keefe. (Id. at 5). Plaintiff claims that he "filed suit against defendants for injuries that allegedly were caused by this [sic] talc product" (id.), but it is not clear to the Court if plaintiff is referencing a previously filed lawsuit, or if plaintiff is purporting to raise a claim in this action for injuries arising from the New Day Baby Powder. Further, plaintiff's reference to the "Consumer Protection Act" is an ambiguous phrase that does not appear to pertain to any federal statute or to state a claim arising under federal law.

To the extent that plaintiff may be intending to allege a claim for product liability against defendants Andes Group and Keefe, such a claim arises under *state*, not federal, law. See, e.g., Stilwell v. Smith & Nephew, Inc., 482 F.3d 1187, 1193 (9th Cir. 2007) ("We apply state law to a products liability claim brought in federal district court pursuant to diversity jurisdiction."). To the extent that plaintiff may be intending to allege a claim arising under the Consumer Product Safety Act ("CPSA"), which is codified in 15 U.S.C. §§ 2051-2083, a private cause of action is allowed under that act only if a plaintiff alleges that an injury was caused by a defendant's knowing violation of a consumer product safety rule or other order issued by the Consumer Product Safety Commission ("CPSC"). See 15 U.S.C. §§ 2053, 2072(a). In order to state any such claim, plaintiff must first identify a consumer product safety rule or order issued by the CPSC because "there is no private right of action under the CPSA itself absent a specific rule promulgated by the CPSC." See In re Mattel, Inc., 588 F. Supp. 2d 1111, 1117-18 (C.D. Cal. 2008) (citing In re All Terrain Vehicle Litig., 979 F.2d 755, 756-57 (9th Cir. 1992)).

Plaintiff also appears to be seeking to raise a claim for "medical care" against USC Medical Center, and he alleges that "medical staff did not discuss with patient the theory or reason for [his] testicular infection," and that the medical facility was "taking blood from all patient/prisoners for profit in the blood bank." (ECF No. 11 at 7). To the extent that plaintiff wishes to raise a federal

civil rights claim against any member of the medical staff at USC Medical Center, which is a private entity, plaintiff must allege that the individual was engaged in state action under color of state law.

Plaintiff may seek damages under § 1983 from a private party for an alleged violation of a constitutional right only in extremely limited circumstances. "Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." Brunette v. Humane Soc'y, 294 F.3d 1205, 1209 (9th Cir. 2002). The "color of law" requirement excludes from the reach of § 1983 all "merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (internal quotation marks omitted). Thus, the ultimate issue in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is "fairly attributable" to the government. Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982); see also Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) ("Section 1983 liability attaches only to individuals who carry a badge of authority of a State and represent it in some capacity." (internal quotation marks omitted)).

Accordingly, in order to state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, **while acting under color of state law**, deprived him of a right guaranteed under the Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). As alleged in the FAC, defendants Andes Group, Keefe, and USC Medical Center do not appear to have been acting under color of state law in connection with any alleged injury that plaintiff suffered. In the absence of specific factual allegations showing how the actions of these defendants were "fairly attributable" to the government, plaintiff may not raise any federal civil rights claims against Andes Group, Keefe, or USC Medical Center.

Further, plaintiff lists what appear to be several claims against the Jail and USC Medical Center in his list of defendants, including "medical malpractice," and "intentional infliction of

emotional distress," both of which are claims that arise under state law. Plaintiff's allegations fail to state a claim under § 1983. (ECF No. 11 at 3-4). Plaintiff also includes ambiguous references to "Violation of Medical Act", "Violation of Health Care," and "Violation of Medicare Act." (Id.). However, it is not clear to the Court what claims plaintiff may be purporting to raise with these references.

Plaintiff appears to be intending to raise a claim or claims against the Jail under the Cruel and Unusual Punishment Clause of the Eighth Amendment arising from inadequate medical care he received at the Jail or from the failure to house plaintiff in a "medical safety cell" or from the failure to accommodate his "mobility" impairment, but plaintiff fails to set forth any factual allegations alleging that any specific official at the Jail at any specific time, took any action, participated in the action of another, or failed to take any action that he or she was required to do that deprived plaintiff of any right guaranteed under the Constitution or a federal statute. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that **causes** the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). As the Supreme Court has made clear, plaintiff must plead "more than labels and conclusions." Twombly, 550 U.S. at 555. In his FAC, plaintiff alleges that unidentified individuals failed to "adhere" to USC Medical Center "for follow-up," and "denied over and over to see the doctor." (ECF No. 11 at 6). To the extent that plaintiff wishes to raise any claims against any officials at the Jail arising from alleged inadequate medical treatment, plaintiff should set forth a short and plain statement of each such claim he wishes to raise against each defendant.

Finally, on the first page of the FAC, in a section entitled "Previous Lawsuits," plaintiffs sets forth some factual allegations in which he alleges that he "purchased New Day Baby Powder from Keefe Commissary Network Sales" in February 2016. He also alleges that he was taken to the "U.S.C. County Medical Center" for surgery on April 8, 2016. (ECF No. 11 at 1). Plaintiff does not

reference these factual allegations in connection with any specific claim raised in the FAC. It appears to the Court that these factual allegations may pertain to the claims that plaintiff appears to be raising in this lawsuit, but it is not clear which claim or claims plaintiff intends the allegations to be incorporated into.

Accordingly, it is not clear to the Court if plaintiff is purporting to raise any federal civil rights claims in this action, or what the legal or factual basis may be for each of plaintiff's claims against each defendant. The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Alvarez v. Hill, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a prisoner was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). Further, the Court may not dismiss a claim because a *pro se* plaintiff has failed to set forth a complete legal theory supporting the claim alleged. See Johnson v. City of Shelby, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014) (*per curiam*) (noting that the Fed. Rules of Civ. Proc. "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted"). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004); see also Noll, 809 F.2d at 1448 ("courts should not have to serve as advocates for *pro se* litigants").

Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555-56). A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient. Id. (alteration in original, internal quotation marks omitted). In its present format, it would be difficult for each defendant to discern what specific facts or legal theories apply to which potential claims, and, as a result, it would be extremely difficult to formulate applicable defenses.

Therefore, the Court finds that plaintiff's FAC fails to comply with Rule 8.

**B.    PLAINTIFF'S FAC FAILS TO STATE A CLAIM UNDER THE EIGHTH AMENDMENT.**

The Eighth Amendment's proscription against cruel and unusual punishment also encompasses the government's obligation to provide adequate medical care to those whom it is punishing by incarceration. See Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed 2d 251 (1976). In order to establish a claim under the Eighth Amendment for inadequate medical care, a prisoner must show that a specific defendant was deliberately indifferent to his serious medical needs. See Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); Estelle, 429 U.S. at 106. "This includes both an objective standard -- that the deprivation was serious enough to constitute cruel and unusual punishment -- and a subjective standard -- deliberate indifference." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

First, to meet the objective element of a deliberate indifference claim, "a prisoner must demonstrate the existence of a serious medical need." Colwell, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the 'unnecessary and wanton infliction of pain.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 946 (2015) (internal quotation marks omitted).

Second, to meet the subjective element, a prisoner must "demonstrate that the prison official acted with deliberate indifference." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. See Estelle, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Toguchi, 391 F.3d at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. See Estelle, 429 U.S. at 105-07; Toguchi, 391 F.3d at 1059-60; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State

Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Here, plaintiff references "Cruel and Unusual Punishment – Medical Care" and appears to allege that unspecified Jail officials denied repeated requests for a doctor and failed to provide follow-up care at the USC Medical Center. (ECF No. 11 at 6). Plaintiff also alleges that, at unspecified times and over unspecified durations, he did not receive his medications. (Id.). On the first page of the FAC, plaintiff alleges that on March 2, 2016, he first experienced "pain to [his] right testicle," and on March 4, 2016, "after observing more pain and an enlargement of [his] testicle," he requested medical attention. He was then taken to the USC Medical Center and diagnosed with a "testiclar [sic] infection." Plaintiff had surgery on April 8, 2016. (Id. at 1). It does not appear to the Court that these factual allegations give rise to a reasonable inference that any official at the Jail intentionally denied, delayed, or interfered with plaintiff's medical care for the pain in his testicle that he alleges he first experienced only a month before his surgery.

In this same claim, plaintiff also references a failure to house plaintiff in a "medical safety cell," but plaintiff sets forth no factual allegations stating when this alleged failure occurred, what serious medical condition gave rise to plaintiff's need for such a housing assignment, or whether the alleged failure to house plaintiff in a "medical safety cell" allegedly caused the testicular infection. Without setting forth factual allegations that a specific individual at the Jail was subjectively aware that a substantial risk of serious harm to plaintiff existed by the failure to house plaintiff in a "medical safety cell," plaintiff's FAC fails to state a plausible claim under the Eighth Amendment. Toguchi, 391 F.3d at 1057.

In addition, plaintiff references in this claim his failure to receive "pain medications all the time," but he again fails to allege that any individual at the Jail was subjectively aware that the

occasional lack of pain medication created a substantial risk of serious harm to plaintiff. A brief delay, without more, in providing medical treatment to a prisoner is insufficient to state a federal civil rights claim. See, e.g., Shapley, 766 F.2d at 407 (a mere delay, without more, is insufficient to state a claim of deliberate medical indifference). As mentioned above, allegations of medical malpractice do not give rise to a constitutional violation merely because the victim is a prisoner. Estelle, 429 U.S. at 106; see also Daniels v. Williams, 474 U.S. 327, 333, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) ("Where a government official's act causing injury to life, liberty, or property is merely negligent, no procedure for compensation is **constitutionally** required." (emphasis in original, internal quotation marks omitted)).

Further, plaintiff sets forth conclusory allegations regarding a "mobility" impairment and the lack of "reasonable accommodations," but he does not include any factual allegations pertaining to his impairment, or allege that any specific defendant was subjectively aware that the failure to provide additional accommodations created a substantial risk of serious harm to plaintiff.

Accordingly, even construing plaintiff's factual allegations liberally and affording plaintiff the benefit of any doubt, it is not clear to the Court which defendant plaintiff is alleging was subjectively aware of facts from which the inference could be drawn that a substantial risk of serious harm existed to plaintiff during which time, and for what alleged serious medical need. If plaintiff wishes to proceed with this action, and he wishes to state an Eighth Amendment claim against any defendant, plaintiff should set forth a short and plain statement of each such claim in a Second Amended Complaint that is sufficient to provide each defendant with notice of the factual basis for each such claim.

**C.  PLAINTIFF'S FAC FAILS TO ALLEGE A BASIS FOR FEDERAL JURISDICTION.**

A Court has a *sua sponte* and "independent obligation to determine whether subject-matter jurisdiction exists." See, e.g., Arbaugh v. Y&H Corp., 546 U.S. 500, 514 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 133 S. Ct. 1059, 1064,

1 | 185 L. Ed. 2d 72 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stevedoring Servs. of Am. v. Eggert, 953 F.2d 552, 554 (9th Cir. 1992). In addition, a plaintiff must present a federal question on the face of a complaint. See Rivet v. Regions Bank of La., 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) (in order for a federal court to exercise federal question jurisdiction under §1331, "the federal question must be disclosed upon the face of the complaint" (internal quotation marks omitted)). Further, a "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions" to support the court's jurisdiction Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir.), cert. denied, 135 S. Ct. 361 (2014).

Pursuant to 28 U.S.C.§§ 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, as discussed above, because plaintiff fails to set forth a short and plain statement of each claim that he is purporting to raise against each defendant, it is not clear to the Court what federal claims plaintiff wishes to raise in his FAC. However, to the extent that the Court can discern plaintiff's claims, the FAC does not appear to be raising any claims arising under the Constitution or laws of the United States. Rather, plaintiff appears to be alleging claims that arise under state law, such as product liability, medical malpractice, and intentional infliction of emotional distress. Plaintiff's mere reference to "cruel and unusual punishment" (ECF No. 11 at 6) is entirely conclusory and insufficient to raise a substantial federal issue. See Iqbal, 556 U.S. at 681 ("bare assertions … amount to nothing more than a formulaic recitation of the elements" of a claim) (internal quotation marks omitted). Plaintiff's *factual allegations* simply fail to raise a reasonable inference that any named defendant deprived him of a right guaranteed under the Constitution or a federal statute. "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "essentially fictitious," "wholly insubstantial," or "obviously frivolous," are insufficient to "raise a substantial federal question for jurisdictional purposes." Shapiro v. McManus, 136 S. Ct.

450, 455-56, 193 L. Ed. 2d 279 (2015) (citing Hannis Distilling Co. v. Mayor & City Council of Baltimore, 216 U.S. 285, 288 (1910) ("obviously frivolous or plainly insubstantial")); Bailey v. Patterson, 369 U.S. 31, 33, 82 S. Ct. 549, 7 L. Ed. 2d 512 (1962) (per curiam) ("wholly insubstantial," "legally speaking non-existent," "essentially fictitious")).

Accordingly, the Court finds that the face of plaintiff's FAC raises federal claims that are wholly insubstantial and are insufficient to give rise to subject matter jurisdiction.

************

**If plaintiff desires to pursue this action, he must file a Second Amended Complaint no later than July 24, 2017;** the Second Amended Complaint must bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the First Amended Complaint, or any other pleading, attachment or document.  Further, if plaintiff chooses to proceed with this action, plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint.

The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

**Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend but without prejudice for lack of subject matter jurisdiction.**

/
/
/
/
/
/

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: June 27, 2017

*/s/ Paul L. Abrams*
_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE