# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ZACHARY EUGENE WILLIAMS, ) | No. CV 17-01639-CAS (PLA) |
| Plaintiff, ) | |
| v. ) | **ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| ANDES GROUP - NEW DAY BABY POWDER, et al., ) | |
| Defendants. ) | |

Plaintiff, a state prisoner presently held at California City Correctional Facility in California City, California, filed a *pro se* civil rights action herein pursuant to 42 U.S.C. § 1983 on March 1, 2017, accompanied by a request to proceed *in forma pauperis* ("Request"). On March 8, 2017, the Request was denied for inadequate documentation and also because plaintiff's Complaint did not appear to be raising any federal civil rights claim. (ECF No. 4). Plaintiff subsequently was granted leave to proceed *in forma pauperis.* (ECF No. 10). On May 15, 2017, plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 11). In the FAC, plaintiff named as defendants two private companies headquartered in Dallas, Texas, and St. Louis, Missouri. (*Id.* at 3). He also named "medical" at the Los Angeles Central Jail (*id.*), and the USC Medical Center (*id.* at 4).

Plaintiff purported to be raising a claim for "Product liability - Consumer Protection Act" for the sale of a "talc product" that he alleged caused an allergic reaction in March and April 2016.

Plaintiff alleged that "defendants" knew of the problem but concealed or misrepresented it. (*Id.* at 3, 5). He also purported to be raising a claim for "Cruel and Unusual Punishment - medical care." (*Id.* at 6-7). Plaintiff sought monetary damages. (*Id.* at 8).

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the FAC prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e. After careful review of the FAC, the Court found that plaintiff's allegations appeared insufficient to state a federal civil rights claim against any named defendant. Further, it did not appear to the Court that subject matter jurisdiction existed for any of the claims that plaintiff appeared to be raising. Accordingly, the FAC was dismissed with leave to amend. (ECF No. 12).

Plaintiff filed a Second Amended Complaint on August 3, 2017. (ECF No. 14). Then, on August 21, 2017, plaintiff filed a Request seeking leave to file another amended complaint. (ECF No. 15). The Court granted plaintiff's request (ECF No. 16), and plaintiff filed a Third Amended Complaint ("TAC") on September 18, 2017 (ECF No. 17). In the TAC, plaintiff again names as defendants two companies, Andes Group - New Day Baby Powder ("Andes Group") and Keefe Commissary Network Sales ("Keefe"), with headquarters in other states. (ECF No. 17 at 3). Plaintiff also names as defendants the "L.A. Mens Central Jail - Medical," the "L.A. County Mens Central Jail" (collectively "Jail"), and the "U.S.C. Medical Center" hospital. (*Id.* at 3-4). Plaintiff's pleading is interspersed with medical records from the Los Angeles County Sheriff's Department. (*Id.* at 9-15, 18-19). Plaintiff purports to raise a claim pursuant to the Consumer Product Safety Act ("CPSA") against the Andes Group and Keefe. (*Id.* at 5-6). Plaintiff also appears to raise claims for inadequate medical care against the other defendants. (*Id.* at 7, 16, 20). Plaintiff seeks damages. (*Id.* at 22). Once again, the Court has screened the TAC prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

1       The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. … Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) ("To survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" (citing Twombly, 550 U.S. at 570)). Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Finally, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678; see also Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible").

      After careful review of the TAC under the foregoing standards, the Court finds that plaintiff's allegations remain insufficient to state a federal civil rights claim against any named defendant.

Because plaintiff is an inmate proceeding *pro se*, the Court will provide plaintiff with one final opportunity to amend his pleading to correct the deficiencies set forth below. Accordingly, the TAC is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

**If plaintiff desires to pursue this action, he is ORDERED to file a Fourth Amended Complaint no later than October 30, 2017, remedying the deficiencies discussed below. Further, plaintiff is admonished that, if he fails to timely file a Fourth Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend but without prejudice for lack of subject matter jurisdiction.[1]**

## DISCUSSION

**A. PLAINTIFF'S TAC FAILS TO STATE A SHORT AND PLAIN STATEMENT IN COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 8.**

Plaintiff's TAC fails to comply with Federal Rule of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Third Amended Complaint are insufficient to state a particular claim should not be seen as *dispositive* of that claim. Accordingly, while this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Fourth Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

(Emphasis added). Rule 8(d)(1) provides: "Each allegation **must be simple, concise, and direct**. No technical form is required." (Emphasis added). Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. Johnson v. City of Shelby, 135 S. Ct. 346, 347, 190 L. Ed. 2d 309 (2014) (per curiam). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry, 84 F.3d at 1179; Nevijel, 651 F.2d at 673.

First, it is not clear to the Court what the legal basis is for any of plaintiff's claims. The body of the TAC includes five pages each with a "Claim I," which appear to raise five claims. Although plaintiff appears to raise only one claim each against defendants Andes Group and Keefe under the CPSA (see ECF No. 11 at 5-6), on the pages of the TAC listing defendants, plaintiff appears to also be raising a claim for "personal injury" against each of these defendants. (*Id.* at 3). In his "Claim I," against Andes Group, plaintiff alleges that defendant knew of the "effects of this talc product from other complaints," and that plaintiff filed "suit against this defendant for injuries that were caused by this talc product." (*Id.* at 5). Similarly, in his "Claim I" against Keefe, plaintiff alleges that the "distribution and sales of this product" caused injuries to plaintiff. (*Id.* at 6). However as the Court previously apprised plaintiff, to the extent that plaintiff may be intending to allege a claim for product liability against defendants Andes Group and Keefe, such a claim arises under *state*, not federal, law. See, e.g., Stilwell v. Smith & Nephew, Inc., 482 F.3d 1187, 1193 (9th

Cir. 2007) ("We apply state law to a products liability claim brought in federal district court pursuant to diversity jurisdiction."). Further, to the extent that plaintiff may be intending to allege a claim arising under the CPSA, which is codified in 15 U.S.C. §§ 2051-2083, a private cause of action is allowed under that act only if a plaintiff alleges that an injury was caused by a **defendant's knowing violation of a consumer product safety rule or other order** issued by the Consumer Product Safety Commission ("CPSC"). See 15 U.S.C. §§ 2053, 2072(a). In order to state any such claim, plaintiff must first identify a consumer product safety rule or order issued by the CPSC because "there is no private right of action under the CPSA itself absent a specific rule promulgated by the CPSC." See In re Mattel, Inc., 588 F. Supp. 2d 1111, 1117-18 (C.D. Cal. 2008) (citing In re All Terrain Vehicle Litig., 979 F.2d 755, 756-57 (9th Cir. 1992)). Plaintiff does not purport to allege violation of a specific product safety rule or order promulgated by the CPSC.

Further, plaintiff appears to be seeking to raise a claim for "violation of" his "medical care" against the USC Medical Center. (ECF No. 17 at 20). Plaintiff sets forth factual allegations concerning difficulty inserting an IV and problems caused by "dye" injected into his arm, as well as allegations that an unnamed male nurse touched him inappropriately while cleaning his infected area. (*Id.* at 20-21). To the extent that plaintiff wishes to raise a **federal civil rights claim** against the USC Medical Center or any member of the medical staff at USC Medical Center, the USC Medical Center is a private entity, as are Andes Group and Keefe.

Plaintiff may bring a federal civil rights claim against a particular defendant, only if plaintiff alleges that the defendant, **while acting under color of state law**, deprived him of a right guaranteed under the Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Further, plaintiff may seek damages under § 1983 from a private party for an alleged violation of a constitutional right only in extremely limited circumstances. "Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." Brunette v. Humane Soc'y, 294 F.3d 1205, 1209 (9th Cir. 2002). The "color of law" requirement excludes from the reach of § 1983 all "merely private conduct, no matter how discriminatory or wrongful." American

Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (internal quotation marks omitted). Thus, the ultimate issue in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is "fairly attributable" to the government. Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982); see also Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) ("Section 1983 liability attaches only to individuals who carry a badge of authority of a State and represent it in some capacity." (internal quotation marks omitted)). Here, plaintiff does not purport to allege that any actions by any member of the staff at USC Medical Center, or by Andes Group or Keefe, were fairly attributable to the government.

Accordingly, it does not appear that plaintiff is purporting to state any federal civil rights claim against the Andes Group, Keefe, or the USC Medical Center. As alleged in the TAC, defendants Andes Group, Keefe, and USC Medical Center do not appear to have been acting under color of state law in connection with any alleged injury that plaintiff suffered. In the absence of specific factual allegations showing how the actions of these defendants were "fairly attributable" to the government, plaintiff may not raise any federal civil rights claims against Andes Group, Keefe, or the USC Medical Center.

Further, plaintiff references what appear to be several claims against the Jail, including "intentional infliction of emotional distress," which is a claim that arises under state law, and does not give rise to a federal civil rights claim. Plaintiff also appears to be raising a claim or claims against the Jail under the Cruel and Unusual Punishment Clause of the Eighth Amendment arising from inadequate medical care he received at the Jail or from the failure to house plaintiff in a "medical safety cell" or an "Old Man's Dorm," but plaintiff fails to set forth any factual allegations alleging that any individual defendant at the Jail, at a specific time, took any action, participated in the action of another, or failed to take any action that he or she was required to do that deprived plaintiff of any right guaranteed under the Constitution or a federal statute. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that **causes** the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d

628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). As the Supreme Court has made clear, plaintiff must plead "more than labels and conclusions." Twombly, 550 U.S. at 555. In the claims that plaintiff is purporting to raise against the Jail, plaintiff alleges that unidentified individuals failed to take him "back for a follow-up" after he had returned from the USC Medical Center, that a "male nurse" told him to "keep taking Motrin" when plaintiff complained of pain, that he was told in April that he was not scheduled to see a doctor until September, that he then "went man down" at "Wayside," and that he was sent to USC Medical Center where he had an operation. But plaintiff also alleges that he "again" had no follow-up at unspecified times. (ECF No. 17 at 7-8). To the extent that plaintiff wishes to raise any claims against any individuals at the Jail arising from these various allegations of allegedly inadequate medical treatment, plaintiff should set forth a short and plain statement of each such claim he wishes to raise and he should name as defendants each individual that he alleges **caused** his injury. Similarly, in a second claim against the Jail, plaintiff appears to be alleging that jail officials failed to honor a request that he be housed in the "Old Mans [sic] Dorm," that he was improperly housed in a cell on a top bunk, that he missed the showers because he could not "get down fast enough" from his bunk, that he did not have a mattress for three days, and that he was not "given reasonable accommodations" for an unspecified "mobility" impairment and not placed in "specialized housing as ordered by the doctor at I.R.C. [sic]." Plaintiff also alleges that he was housed in a "dirty unit" that had rodents running around at night. (*Id.* at 16-17). To the extent that plaintiff is intending to allege a separate claim arising from the conditions of his confinement, once again, he should set forth simply, concisely, and directly the factual allegations that he alleges entitle him to damages from a specific named defendant.

Further, plaintiff only names the "Jail" as a defendant rather than any individuals at the Jail. To the extent that plaintiff is purporting to raise a claim against the Los Angeles County Sheriff's Department arising from its operation of the Jail, the Supreme Court in Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), held that a local government entity (such as the County of Los Angeles or the Los Angeles County Sheriff's Department ) "may not be sued under § 1983 for an injury inflicted solely by its employees or

agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694; see also Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) ("local governments are responsible only for their own illegal acts"). Here, plaintiff's TAC fails to even purport to set forth allegations that a specific policy or custom of the Jail was the "actionable cause" of any alleged constitutional violation. See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under Monell, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against a local government entity may not be premised on an isolated or sporadic incident such as alleged by plaintiff. See, e.g., Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). Accordingly, the TAC fails to state any claim upon which relief may be granted against the Jail, the Los Angeles County Sheriff's Department, or Los Angeles County.

Finally, just as in plaintiff's FAC, on the first page of the TAC, in a section entitled "Previous Lawsuits," plaintiffs sets forth some factual allegations in which he alleges that he "purchased New Day Baby Powder from Keefe Commissary Network Sales" in February 2016. He also alleges that he was taken to the "U.S.C. County Medical Center" for surgery on April 9, 2016, in which his right testicle was removed. (ECF No. 17 at 1). Plaintiff once again fails to reference these factual allegations in connection with any specific claim that he raises in the TAC. As the Court previously apprised plaintiff, it appears to the Court that these factual allegations may pertain to the claims that plaintiff appears to be raising in this lawsuit, but it is not clear which claim or claims, or against which defendants, plaintiff intends these factual allegations to pertain to.

Accordingly, it is not clear to the Court what federal civil rights claims plaintiff wishes to raise in this action, or what the legal or factual basis may be for each of plaintiff's claims against each named defendant. The Court is mindful that, because plaintiff is appearing *pro se*, the Court

must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Alvarez v. Hill, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). Further, the Court may not dismiss a claim because a *pro se* plaintiff has failed to set forth a complete legal theory supporting the claim alleged. See Johnson, 135 S. Ct. at 346 (noting that the Fed. Rules of Civ. Proc. "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted"). That said, the Supreme Court also has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004).

Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555-56). A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient. Id. (alteration in original, internal quotation marks omitted). In its present format, it would be difficult for each defendant to discern what specific facts or legal theories apply to which potential claims, and, as a result, it would be extremely difficult to formulate applicable defenses.

Therefore, the Court finds that plaintiff's TAC fails to comply with Rule 8.

**B.     PLAINTIFF'S TAC FAILS TO STATE A CLAIM UNDER THE EIGHTH AMENDMENT.**

The Eighth Amendment's proscription against cruel and unusual punishment also encompasses the government's obligation to provide adequate medical care to those whom it is punishing by incarceration. See Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed 2d 251 (1976). In order to establish a claim under the Eighth Amendment for inadequate medical care, a prisoner must show that a specific defendant was deliberately indifferent to his serious medical needs. See Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993); Estelle, 429 U.S. at 106. "This includes both an objective standard -- that the deprivation was serious enough to constitute cruel and unusual punishment -- and a subjective standard --

deliberate indifference." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

First, to meet the objective element of a deliberate indifference claim, "a prisoner must demonstrate the existence of a serious medical need." Colwell, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the 'unnecessary and wanton infliction of pain.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 946 (2015) (internal quotation marks omitted).

Second, to meet the subjective element, a prisoner must "demonstrate that the prison official acted with deliberate indifference." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. See Estelle, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Toguchi, 391 F.3d at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. See Estelle, 429 U.S. at 105-07; Toguchi, 391 F.3d at 1059-60; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Here, plaintiff references "Cruel and Unusual Punishment" and "Medical Care" and appears to allege that unspecified Jail officials denied his requests to see a doctor and failed to provide follow-up care at the USC Medical Center on multiple occasions. (ECF No. 17 at 7-8). In addition, on the first page of the TAC, plaintiff alleges that on March 2, 2016, he first experienced "pain to

1 [his] right testicle," and, on March 4, 2016, "after observing more pain and an enlargement of [his]
2 testicle," he requested medical attention. He was then taken to the USC Medical Center and
3 diagnosed with a "testiclar [sic] infection." Plaintiff had surgery on April 9, 2016. (*Id.* at 1). To the
4 extent that plaintiff intends to incorporate these factual allegations into a claim against the Jail for
5 constitutionally inadequate medical care, it does not appear to the Court that his factual allegations
6 give rise to a reasonable inference that any specific official at the Jail intentionally denied, delayed,
7 or interfered with plaintiff's medical care for pain in his testicle that plaintiff alleges he first sought
8 treatment for only a month before he received surgery at an outside medical center. Plaintiff also
9 appears to allege that he asked for, and received, a transfer to "Wayside Jail," where he "went
10 man down." (*Id.* at 8). Accordingly, it is not clear to the Court if plaintiff is alleging that jail officials
11 at Wayside also failed to provide adequate medical care, or if only jail officials at the Mens Central
12 Jail are alleged to have caused his injuries.

13 Additionally, in this same claim, plaintiff alleges that he "was never taken back for a follow-
14 up" (*id.* at 7), but it is not clear to the Court when the "follow-up" was supposed to have taken
15 place, and whether plaintiff is alleging that he suffered additional harm because of this failure. A
16 brief delay, without more, in providing medical treatment to a prisoner is insufficient to state a
17 federal civil rights claim. See, e.g., Shapley, 766 F.2d at 407 (a mere delay, without more, is
18 insufficient to state a claim of deliberate medical indifference). As mentioned above, allegations
19 of **medical malpractice** do **not** give rise to a constitutional violation merely because the victim
20 is a prisoner. Estelle, 429 U.S. at 106; see also Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472,
21 192 L. Ed. 2d 416 (2015) ("as we have stated, liability for negligently inflicted harm is categorically
22 beneath the threshold of constitutional due process" (internal quotation marks omitted)).

23 In his claims against the Jail, plaintiff also references a failure to house plaintiff in a "medical
24 safety dorm," but plaintiff sets forth no factual allegations stating when this alleged failure
25 occurred, what serious medical condition gave rise to plaintiff's need for such a housing
26 assignment, or whether the alleged failure to house plaintiff in a "medical safety dorm" allegedly
27 caused the testicular infection. Plaintiff also alleges that a request to be housed in the "Old Mans
28 [sic] Dorm" that he made on April 5, 2016, was not honored, but he then alleges that "they did

1  send me to the Old Mans [sic] Dorm after I Filed a Complaint #2, March 8, 2016," which appears
2  inconsistent.  (*Id.* at 16-17).  Because plaintiff fails to set forth factual allegations that a specific
3  individual at the Jail was subjectively aware that a substantial risk of serious harm to plaintiff
4  existed by the failure to house plaintiff in a "medical safety dorm" or in the Old Man's Dorm,
5  plaintiff's TAC fails to state a plausible claim under the Eighth Amendment arising from his housing
6  assignment.  See Toguchi, 391 F.3d at 1057.

7  Further, plaintiff sets forth conclusory allegations regarding a "mobility" impairment and the
8  lack of "reasonable accommodations" (ECF No. 17 at 17), but he does not include any factual
9  allegations pertaining to what this impairment was or what reasonable accommodations were
10 denied at what time by what individuals.  Plaintiff also fails to allege that any specific defendant
11 was subjectively aware at any specific time that the failure to provide additional accommodations
12 created a substantial risk of serious harm to plaintiff.

13 Accordingly, even construing plaintiff's factual allegations liberally and affording plaintiff the
14 benefit of any doubt, it is not clear to the Court which defendant plaintiff is alleging was
15 subjectively aware of facts from which the inference could be drawn that a substantial risk of
16 serious harm existed to plaintiff during which time, and for what alleged serious medical need.  If
17 plaintiff wishes to proceed with this action, and he wishes to state an Eighth Amendment claim
18 against any individual at the Jail, plaintiff should set forth a short and plain statement of each such
19 claim in a Fourth Amended Complaint that is sufficient to provide each defendant with notice of
20 the factual basis for each such claim.

21

22 **C.    PLAINTIFF'S TAC FAILS TO ALLEGE A BASIS FOR FEDERAL JURISDICTION.**

23 A Court has a *sua sponte* and "independent obligation to determine whether subject-matter
24 jurisdiction exists."  See, e.g., Arbaugh v. Y&H Corp., 546 U.S. 500, 514  126 S. Ct. 1235, 163 L.
25 Ed. 2d 1097 (2006).  "'Federal courts are courts of limited jurisdiction,' possessing 'only that power
26 authorized by Constitution and statute.'"  Gunn v. Minton, 568 U.S. 251, 133 S. Ct. 1059, 1064,
27 185 L. Ed. 2d 72 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377,
28 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)).  "A federal court is presumed to lack jurisdiction in a

particular case unless the contrary affirmatively appears." Stevedoring Servs. of Am. v. Eggert, 953 F.2d 552, 554 (9th Cir. 1992). In addition, a plaintiff must present a federal question on the face of a complaint. See Rivet v. Regions Bank of La., 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086 (9th Cir. 2009) (in order for a federal court to exercise federal question jurisdiction under §1331, "the federal question must be disclosed upon the face of the complaint" (internal quotation marks omitted)). Further, a "plaintiff bears the burden of proving" the existence of subject matter jurisdiction and "must allege facts, not mere legal conclusions" to support the court's jurisdiction. Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir.), cert. denied, 135 S. Ct. 361 (2014).

Pursuant to 28 U.S.C.§§ 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, as discussed above, because plaintiff fails to set forth a short and plain statement of each claim that he is purporting to raise against each defendant, it is not clear to the Court what federal claims plaintiff wishes to raise in his TAC. However, to the extent that the Court can discern plaintiff's claims, the TAC does not appear to be raising any claims arising under the Constitution or laws of the United States. Rather, plaintiff appears to be alleging claims that arise under state law, such as product liability, medical malpractice, and intentional infliction of emotional distress. Plaintiff's mere reference to "cruel and unusual punishment" (ECF No. 17 at 7, 16) is entirely conclusory and insufficient to raise a substantial federal issue. See Iqbal, 556 U.S. at 681 ("bare assertions … amount to nothing more than a formulaic recitation of the elements" of a claim) (internal quotation marks omitted). Plaintiff's *factual allegations* simply fail to raise a reasonable inference that any named defendant deprived him of a right guaranteed under the Constitution or a federal statute. "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "essentially fictitious," "wholly insubstantial," or "obviously frivolous," are insufficient to "raise a substantial federal question for jurisdictional purposes." Shapiro v. McManus, 136 S. Ct. 450, 455-56, 193 L. Ed. 2d 279 (2015) (citing Hannis Distilling Co. v. Mayor & City Council of Baltimore, 216 U.S. 285, 288 (1910) ("obviously frivolous or plainly insubstantial")); Bailey v. Patterson, 369 U.S. 31, 33, 82 S. Ct. 549, 7 L. Ed. 2d 512 (1962) (per curiam) ("wholly

insubstantial," "legally speaking non-existent," "essentially fictitious").

Accordingly, the Court finds that the face of plaintiff's TAC raises federal claims that are wholly insubstantial and are insufficient to give rise to subject matter jurisdiction.

************

**If plaintiff desires to pursue this action, he must file a Fourth Amended Complaint no later than October 30, 2017;** the Fourth Amended Complaint must bear the docket number assigned in this case; be labeled "Fourth Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment or document. Further, if plaintiff chooses to proceed with this action, plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that he wishes to assert in a Fourth Amended Complaint.

The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

**Further, plaintiff is admonished that, if he fails to timely file a Fourth Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without further leave to amend but without prejudice for lack of subject matter jurisdiction.**

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: October 2, 2017

                                                PAUL L. ABRAMS
                                  UNITED STATES MAGISTRATE JUDGE