# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES-GENERAL

Case No.: **CV 17-1639-CAS (PLA)**                                         Date: **October 30, 2017**

Title:   **Zachary Eugene Williams v. New Day Baby Powder-Andes Group, et al.**

---

**PRESENT:  THE HONORABLE   PAUL L. ABRAMS**
**UNITED STATES MAGISTRATE JUDGE**

| Christianna Howard | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF:**           **ATTORNEYS PRESENT FOR DEFENDANT(S):**
                 NONE                                                         NONE

**PROCEEDINGS:**       **(IN CHAMBERS)**

On October 2, 2017, after finding, among other things, that plaintiff in his Third Amended Complaint ("TAC") failed to raise any federal claim arising under the Constitution or laws of the United States, but rather appeared to be alleging only state law claims such as "product liability, medical malpractice, and intentional infliction of emotional distress," the Court issued an Order Dismissing plaintiff's TAC with leave to amend. (ECF No. 18 at 14).  The Court advised plaintiff that if he desired to pursue this action, then by October 30, 2017, he could file a Fourth Amended Complaint attempting to remedy the deficiencies noted in the Court's October 2, 2017, Order; alternatively, he was advised that if he no longer wished to pursue this action in federal court he could request a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a), using the Central District form attached to the Order.

On October 27, 2017, plaintiff submitted a Notice of Dismissal form, in which he indicated he was dismissing the action "in its entirety."  However, he also handwrote the following:  "Plaintiff's Motion to Remand.  Have this matter remanded to state superior court of Los Angles California.  PLEASE REPLY!" ("Motion").  Construed liberally, it appears that plaintiff is seeking to have the Court dismiss the action in this Court and then "remand" or transfer the action to the state superior court.

Plaintiff is advised that removal from *state to federal* court "is entirely a creature of statute and a 'suit commenced in state court must remain there until cause is shown for its transfer under some act of Congress.'" Sygenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (citation omitted).  Under the removal statutes, a defendant may remove *to* federal court any civil action *brought in a state court* in which the district courts of the United States have original jurisdiction, and the plaintiff can then move to remand the matter to the state court.  See 28 U.S.C. §§ 1446, 1447.  In this instance, however, the action was never filed in state court, no defendant has ever been served, and plaintiff has repeatedly failed to assert any viable federal claim over which this Court would have original jurisdiction.  (See ECF Nos. 10, 12, 16, 18).  Accordingly, because the Court is without jurisdiction to "remand" a matter to state court that was never filed in state court to begin with, and plaintiff has provided no authority for the Court to do so, plaintiff's Motion to remand this action to state court

is **denied**. Nothing in this Order is intended to preclude plaintiff from initially filing his claims in the appropriate California superior court.

Plaintiff is advised that if he does not file **by November 13, 2017**, a Fourth Amended Complaint remedying the deficiencies set out in the Order Dismissing plaintiff's TAC, plaintiff's action shall be **dismissed in its entirety** as authorized by plaintiff in his October 27, 2017, Notice of Dismissal, and/or for the reasons set forth in the Court's October 2, 2017, Order, and/or for failure to prosecute and/or to follow court orders.

cc: Zachary Eugene Williams, pro se

Initials of Deputy Clerk _____ch_____